UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARLON ENRIQUE MEDINA-SOTO (A-Number: 220-281-664),

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondents.

No. 1:26-cv-7584-KES-EGC (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Marlon Enrique Medina-Soto is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. Petitioner is a Venezuelan citizen who entered the United States in 2021 and has been detained by ICE since October 8, 2025, following a criminal arrest for theft. Doc. 1 at 1-2.

On a prior petition filed by petitioner, the court determined that petitioner's detention pursuant to 8 U.S.C. § 1226(c)(1)(E) without a bond hearing had become unduly prolonged in violation of due process, and on August 5, 2026, ordered respondents "to provide petitioner Marlon Enrique Medina Soto (A-Number: 220-281-664) with a bond hearing before an

immigration judge to be held within ten (10) days[.]" *Medina-Soto v. Warden*, 1:26-cv-03458-KES-EGC (HC), Doc. 19 at 2. At that hearing, the government was required to prove by clear and convincing evidence that petitioner was not a flight risk or a danger. *Id.* The order further stated, "If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him." *Id.*

Respondents assert that a hearing for petitioner was held before an immigration judge on August 12, 2026, but at that hearing the immigration judge asserted that the immigration "[c]ourt lacks jurisdiction to consider Respondent's motion[.]" Doc. 8-1 at 1. While the immigration judge also stated that the government had met its clear and convincing evidence burden, her decision indicates that she reached this conclusion solely by relying on the fact that petitioner's arrest for theft made him subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E). *Id.* But this court's prior order made it clear that petitioner's detention without a bond hearing pursuant to § 1226(c)(1)(E) had become unduly prolonged in violation of the Due Process Clause, and that respondents were required to present evidence at a bond hearing establishing by clear and convincing evidence that petitioner was a flight risk or a danger such that his continued detention was warranted. *See Medina-Soto v. Warden*, 1:26-cv-03458-KES-EGC (HC), Doc. 19 at 2. Respondents do not identify any such evidence presented, nor does the immigration judge's order identify or rely on any such evidence. As the immigration judge found that continued detention was warranted solely because petitioner was subject to § 1226(c)(1)(E), and asserted that the immigration court lacked jurisdiction to conduct the hearing as ordered by this court, the immigration judge failed to hold the bond hearing ordered by this court.

Accordingly, the petition for writ of habeas corpus is GRANTED. The Court ORDERS that respondents release petitioner Marlon Enrique Medina-Soto (A-Number: 220-281-664) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such

that his physical custody is legally justified.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: October 23, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.